

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JULIAN D. OWENS,<br>  Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF SOUTH CAROLINA;<br>HARRIS PASTIDES; MICHAEL AMIRIDIS;<br>LACY FORD; MURRAY MITCHELL;<br>LILLIAN SMITH; KEN WATSON; ED<br>FROGILLO; HEATHER BRANDT; KATRIN<br>WASLSEMANN; JIM THRASHER; RUTH<br>SAUNDERS; G. TOM CHANDLER;<br>UNITED STATES DEPARTMENT OF<br>EDUCATION OFFICE OF CIVIL RIGHTS;<br>SAMANTHA SHOFAR; DAVID HENSEL;<br>UNITED STATES DEPARTMENT OF<br>EDUCATION OFFICE OF POST-<br>SECONDARY EDUCATION; COUNCIL OF<br>EDUCATION OF PUBLIC HEALTH;<br>CHERYL ADDY; and SOUTH CAROLINA<br>INSURANCE RESERVE FUND,<br>  Defendants. | Civil Action No. 3:18-547-MGL |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION, GRANTING DEFENDANTS MITCHELL'S, SMITH'S, AND WASLSEMANN'S MOTIONS TO DISMISS, AND SUMMARILY DISMISSING THE AMENDED COMPLAINT

This matter was filed as an action for alleged constitutional violations and related claims. The Court has jurisdiction under 28 U.S.C. § 1331 and § 1367. The matter is before the Court for review of the second Report and Recommendation (second Report) of the United States Magistrate Judge suggesting the Court grant Defendants Murray Mitchell's, Lillian Smith's, and Katrin

Waslsemann's motions to dismiss and summarily dismiss Plaintiff Julian D. Owens's (Owens) amended complaint. The second Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the first Report on April 6, 2018 recommending summary dismissal of all defendants except for Defendants Mitchell, Smith, and Waslsemann (collectively, Served Defendants). ECF No. 19. On the same day, the Magistrate Judge entered an Order authorizing service of process on the Served Defendants. ECF No. 20. The Served Defendants filed motions to dismiss. ECF Nos. 31, 32, 45. Owens filed a motion to amend his complaint. ECF No. 27. This Court denied Owen's motion to amend as moot because Owens was entitled to amend his complaint once, as a matter of course, within 21 days after serving it. ECF No. 56. Owens subsequently filed an amended complaint that supplements, but in this instance does not take the place of, the original complaint.[1] ECF No. 58. The amended complaint rendered the first

---

[1] In Owens's motion to amend his complaint, he indicated he intended his original complaint would remain in effect. Therefore, the Magistrate Judge construed Owens's motion to amend as a motion to incorporate his original complaint into his amended complaint, and the Magistrate Judge treated the original complaint as part of the amended complaint now at issue. As such, this Court has listed the defendants as they appeared in the original complaint and added the two defendants Owens added in his amended complaint.

Report's recommendation of summary dismissal for all defendants except the Served Defendants moot.

On July 26, 2018, the Magistrate Judge filed the second Report, recommending Owens's amended complaint be summarily dismissed and the Served Defendants' motions to dismiss be granted. The Clerk of Court filed Owens's objections to the second Report on September 17, 2018. ECF No. 92. On the same day, the Clerk filed Owens's motion to seal. ECF No. 90. The Served Defendants filed a joint response to Owens's motion to seal and Owen's objections to the second Report, and Owens filed a reply. ECF Nos. 94, 99. The Clerk also filed Owens's additional responses in opposition to the Served Defendants' motions to dismiss. ECF Nos. 103-109. Finally, the Clerk filed Owens's motion to edit docket text. ECF No. 111.

The second Report recommends the Court summarily dismiss Owens's amended complaint against all defendants except for the Served Defendants and the University of South Carolina, because the amended complaint fails to state a claim upon which relief can be granted. The second Report further suggests the Served Defendants' motions to dismiss be granted because Owens's claims are barred by the applicable statute of limitations. Finally, the second Report recommends the claims against the University of South Carolina be summarily dismissed because the University is immune from suit under the Eleventh Amendment. Owens objects to the recommendations in the Report and insists dismissal of his complaint would be inappropriate.

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R.

Civ. P. 72(b). As provided above, however, the Court need not—and will not—address any of Owens's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

Owens's objections and his additional responses in opposition to the motions to dismiss parallel arguments he made in his original response to the Served Defendants' motion to dismiss. They were thoroughly and correctly analyzed by the Magistrate Judge. Thus, the Court need not repeat that discussion here.

Further, Owens concedes in his objections the statute of limitations had already run prior to the filing of this action with respect to his claims against the Served Defendants. ECF No. 92 at 2. Nevertheless, Owens insists he is entitled to equitable tolling. But, as the Magistrate Judge correctly stated, the circumstances that justify equitable tolling are absent here.

Owens's claims against the Served Defendants are subject to South Carolina's three-year statute of limitations for personal injury actions set forth in S.C. Code § 15-3-530, *see Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding § 1983 claims are governed by the statute of limitations for personal injury actions in the State in which the cause of action arose). The Court agrees with the Magistrate Judge's conclusion and holds Owens's claims are barred by the statute of limitations. The Court will overrule Owens' objections regarding the accrual of his claim and equitable tolling.

The Magistrate Judge also recommended the Court dismiss Owens's claims against Defendant University of South Carolina because it is immune from suit under the Eleventh Amendment. *See Alden v. Maine*, 527 U.S. 706, 712-13 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890). The Magistrate Judge further recommended Owens's federal claims against the South Carolina Insurance Reserve Fund be

dismissed for the same reason. In response, Owens argues "despite the apparent limitations of the Eleventh Amendment, individuals may, under certain circumstances, bring constitutional and statutory cases against states"; "the state's sovereign immunity can be waived"; and the Supreme Court believed the Eleventh Amendment did not apply to suits in state courts. ECF No. 92 at 42.

The University of South Carolina is an arm of the State of South Carolina. *See Maryland Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255 (4th Cir. 2005) ("Numerous courts have decided whether public state universities are 'arms of the state.' Almost universally, the answer has been in the affirmative.") Because the South Carolina Insurance Reserve Fund functions as a governmental insurance operation for the state and all premiums received are deposited with the office of the state treasurer, it is also an arm of the state. *See Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) ("the largely, if not wholly, dispositive factor in determining whether an entity is properly characterized as an arm of the state is whether the state treasury will be liable for the judgment…if the state treasury will not be affected by the judgment, we consider other factors…[including] whether the state possesses such control over the entity claiming Eleventh Amendment immunity that it can legitimately be considered an 'arm of the state'.") (internal citations omitted).

Owens's objections regarding the limitations of the Eleventh Amendment are misplaced. Although an arm of the state can be sued in state court, a state must consent to suit in federal court. South Carolina has not consented to this suit in federal court. S.C. Code Ann. § 15-78-20(e). Therefore, the Court will overrule Owens's objection as to the University of South Carolina and Owens's federal claims against the South Carolina Insurance Reserve Fund.

The Magistrate Judge recommended that Owens's state claims against the South Carolina Insurance Reserve Fund and all of Owens's claims against the remaining defendants – Pastides,

Amiridis, Ford, Watson, Brandt, Thrasher, Saunders, Chandler, Shofar, Hensel, Addy, Frogillo, the United States Department of Education Office of Civil Rights, the United States Department of Education Office of Post-Secondary Education, and the Council of Education of Public Health – be summarily dismissed for failure to state a claim upon which relief can be granted. Owens's objections are nothing more than a restatement of the facts alleged in his amended complaint. Specifically, Owens fails to identify the existence of any contractual relationship with any party other than the University. He also fails to set forth facts sufficient for the Court to find any of the above-named defendants were personally involved in violating his civil rights. Finally, Owens is unable to provide an adequate factual basis for the Court to find he has stated a viable tort claim against any of the above-named defendants. For all these reasons, the Court agrees with the Magistrate Judge's thorough and well-reasoned analysis of Owens's state claims against the South Carolina Insurance Reserve Fund and all of the remaining above-named defendants and will overrule Owens's objections to the summary dismissal of his amended complaint.

In addition to filing objections to the Report, Owens also filed a motion to seal. "The common law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by a showing that 'countervailing interests heavily outweigh the public interests in access.'" *Doe v. Public Citizen*, 749 F. 3d 246, 265-66 (4th Cir. 2014) (*quoting Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). A party filing a motion to seal must also submit an accompanying memorandum that specifically identifies the documents or portions of documents for which sealing is requested and explain for each document "why less drastic alternatives to sealing will not afford adequate protection." Local Civ. Rule 5.03(A). Thus, for sealing to be warranted, a plaintiff must meet a high standard. Owens fails to explain why each document should be sealed; rather, he states in a conclusory manner he requests

6

the Court seal "ALL documents on the Court docket for this matter to include Docket Items 1-87." ECF No. 90 at 2. Owens has failed to meet the high standard required for sealing and he has failed to rebut the presumption in favor of public access.

In addition, Owens's motion to seal is untimely and fails to comply with Local Civil Rule 5.03 (D.S.C.). Under Local Civil Rule 5.03, a party must obtain prior approval to seal filed documents. Owens seeks to seal documents filed as early as February 2018. He fails to explain why this Court should retroactively seal documents he filed as part of earlier motions. *See In re Charlotte Observer*, 921 F.3d 567, 569 (4th Cir. 2004) ("[O]nce announced to the world, the information lost its secret characteristic.")

Finally, Owens asserts he wishes to "evoke HIPPA regulations to protect his private health information from being in the public domain." *Id*. at 1. There is nothing in HIPPA that requires the Court to retroactively seal documents placed in the record by the party now requesting sealing. And, the Court is unable to find any authority requiring it to take the extraordinary measure of retroactively sealing the documents at issue. Therefore, for all of the reasons set forth above, the Court will deny the motion.

Owens also filed a motion to edit docket text. It appears from the text of this motion Owens seeks to have the Court rename prior filings and add the phrase "supplemental information" to the docket entries. The Court has read and carefully considered each of the entries Owens mentions in his motion, regardless of what they were originally named. In light of the Court's resolution of this case in this Order, the Court will deny this motion.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Owens's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Owens's amended complaint is **SUMMARILY**

**DISMISSED** and the Served Defendants' motions to dismiss are **GRANTED**. Owens's motion to seal is **DENIED**. Owens's motion to edit text is **DENIED**.

      **IT IS SO ORDERED.**

Signed this 4th day of February 2019 in Columbia, South Carolina.

                                               <u>s/Mary Geiger Lewis</u>
                                               MARY GEIGER LEWIS
                                               UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.